IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02558-BNB

CRAIG ROBLEDO-VALDEZ,

    Applicant,

v.

UNITED STATES OF AMERICA,
J. DAVIS, and
SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Craig Robledo-Valdez, filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) (the "Application").  Mr. Robledo-Valdez is challenging the validity of his convictions in Park County District Court case numbers 08CR19 and 08CR21.  Although Mr. Robledo-Valdez lists the United States of America as a Respondent in the caption of the Application, the United States is not a proper Respondent and has not been ordered to file a response in this action.  All references to "Respondents" exclude the United States.

    On October 21, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On October 30, 2013, Respondents filed their Pre-Answer Response (ECF

No. 13).  On December 23, 2013, the Court entered an Order of Dismissal (ECF No. 15).  On January 7, 2014, Mr. Robledo filed a Petition for Rehearing (ECF No. 19) requesting an opportunity to file a late response to the Pre-Answer Response because he had not received a copy of the Pre-Answer Response.  Mr. Robledo also included in the Petition for Rehearing various arguments addressing the Court's reasoning in the Order of Dismissal.  On January 10, 2014, the Court entered an Order Reinstating Action (ECF No. 20) because it was not clear whether Mr. Robledo had received a copy of the Pre-Answer Response.  Also on January 10, 2014, Magistrate Judge Boland entered a Minute Order (ECF No. 21) directing Respondents to serve a copy of the Pre-Answer Response on Mr. Robledo at his current address and directing Mr. Robledo to file a reply to the Pre-Answer Response within twenty-one days from the date of service.  Respondents then filed a Certificate of Re-Service of Pre-Answer Response (ECF No. 22) that indicates a copy of the Pre-Answer Response was mailed to Mr. Robledo at the Denver County Jail that same day.  On January 27, 2014, while he still was confined at the Denver County Jail, Mr. Robledo filed a Notice of Change of Address (ECF No. 23) dated January 20, 2014, stating that his parole was revoked following a hearing on January 17, 2014, and that he would be moved to the Denver Reception and Diagnostic Center on or about January 24, 2014.  Other than the arguments Mr. Robledo-Valdez included within his Petition for Rehearing, he has not filed a reply to the Pre-Answer Response.

       The Court must construe the Application and other papers filed by Mr. Robledo-Valdez liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action because the claims in the Application are procedurally barred.

The Colorado Court of Appeals summarized the plea agreement and the state court proceedings relevant to the convictions and sentence Mr. Robledo-Valdez is challenging in the Application as follows:

> Defendant was charged with tampering with a witness in 2008 while separate charges were pending against him in another jurisdiction. Both cases were resolved by plea agreements. In this case, defendant agreed that he would serve two years in the Department of Corrections (DOC), consecutive to his sentence from the first jurisdiction. He filed a motion to withdraw his plea immediately thereafter, and the motion was denied in August 2009; he did not pursue a direct appeal.
>
> Defendant filed a Crim. P. 35(c) motion in September 2009 alleging ineffective assistance of plea counsel and requesting counsel. Postconviction counsel filed an amended motion asking that (1) defendant be allowed to withdraw his plea; (2) the prosecution be required to reinstate an earlier offer of a different plea disposition; and (3) the court impose a concurrent, rather than consecutive, sentence. This motion was denied following a hearing in April 2010, and defendant did not appeal the order denying the motion.
>
> In October 2011, defendant filed a pleading entitled "Motion to Set Hearing." This motion alleged that new evidence called into question the validity of his plea agreement, and asked the court to conduct a hearing on this allegation. In a November 2011 order, the trial court summarily denied the motion, concluding that it was a variation of previous motions. Defendant filed a letter asking the court to reconsider this order because the Motion to Set Hearing raised a new issue. The trial court did not rule on the request in defendant's letter and defendant did not appeal the order.

> In April 2012, defendant filed a third Crim. P. 35(c) motion that again alleged that there was newly discovered evidence that undercut the validity of his guilty plea in this case. The trial court denied this motion, concluding that it was successive to defendant's first Crim. P. 35(c) motion.

*People v. Robledo*, No. 12CA1348, slip op. at 1-2 (Colo. App. Oct. 3, 2013) (unpublished) (ECF No. 13-5 at 2-3). The Colorado Court of Appeals affirmed the trial court's order denying the third Rule 35(c) motion as successive. *See id.*

Mr. Robledo-Valdez initiated the instant action on September 18, 2013, and the Application was filed on October 17, 2013. He asserts three claims in the Application, each of which presents the same argument that his guilty plea was not entered knowingly and voluntarily because his decision to accept a consecutive sentence was premised on a factual error by the Department of Corrections in calculating his mandatory release date for a prior sentence. According to Mr. Robledo-Valdez, he would have completed both prison sentences no later than August 2012 if he had been advised accurately regarding his mandatory release date for the prior sentence. The Court construes the Application liberally as raising a constitutional due process claim. Mr. Robledo-Valdez alleges in the Application that he has completed his original prison sentences. As noted above, he currently is incarcerated as a result of a parole violation.

Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and that the Application should be denied because the due process claim Mr. Robledo-Valdez asserts is either unexhausted or procedurally barred. The Court will dismiss the due process claim as procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

According to the opinion of the Colorado Court of Appeals quoted above, Mr. Robledo-Valdez did not file a direct appeal, but he did file three postconviction Rule 35(c) motions in which he challenged the validity of his guilty plea in his Park County cases. (*See* ECF No. 13-5 at 2-3.) Each of the Rule 35(c) motions was denied by the trial court, but Mr. Robledo-Valdez only appealed from the denial of the third Rule 35(c) motion. (*See id.*) Thus, the only state court proceedings in which Mr. Robledo-Valdez arguably could have fairly presented his due process claim to the Colorado appellate courts are the proceedings relevant to the third Rule 35(c) motion filed in April 2012. As noted above, Mr. Robledo-Valdez raised an invalid guilty plea claim in the third Rule 35(c) motion; the trial court denied the third Rule 35(c) motion as successive to the first Rule 35(c) motion; and the trial court's order was affirmed on appeal. (*See id.*)

The determination by the Colorado courts that the third Rule 35(c) motion was successive was premised on Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure, which provide that state courts in Colorado must deny any claim raised in a postconviction motion that actually was raised in a prior appeal or postconviction proceeding or that could have been raised in a prior appeal or postconviction proceeding. Mr. Robledo-Valdez argues that the third Rule 35(c) motion was not successive because he did not know about the sentence computation error at the time he filed the first Rule 35(c) motion, and the October 2011 Motion to Set Hearing was misconstrued as a second Rule 35(c) motion because it merely requested a hearing and was not a substantive Rule 35(c) motion. However, the Colorado Court of Appeals concluded that Mr. Robledo-Valdez "did not properly raise newly discovered evidence" in the third Rule 35(c) motion and the trial court "did not err in denying the

motion because it was successive." (ECF No. 13-5 at 5.) As a result, Mr. Robledo-Valdez did not fairly present his invalid guilty plea claim to the state courts, and the invalid guilty plea claim is unexhausted.

Although Mr. Robledo-Valdez failed to exhaust state remedies for his due process claim, the Court may not dismiss the due process claim for failure to exhaust state remedies if Mr. Robledo-Valdez no longer has an adequate and effective state remedy available to him. See Castille, 489 U.S. at 351. It is clear that Mr. Robledo-Valdez no longer has an adequate and effective state remedy available to him and that the unexhausted due process claim is procedurally defaulted because the same state procedural rules that prevented Mr. Robledo-Valdez from challenging the validity of his guilty plea in the third Rule 35(c) motion prevent him from raising the claim in yet another Rule 35(c) motion. As a result, it is clear that Mr. Robledo-Valdez may not return to state court to pursue his unexhausted due process claim.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." Id.

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. See Coleman v. Thompson, 501 U.S. 722, 730

(1991).  Mr. Robledo-Valdez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

The Court finds that Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure are independent because they rely on state rather than federal law. The Court also finds that these procedural rules are adequate because they are applied evenhandedly by Colorado courts.  *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VI) & (VII) to reject claims actually raised in prior postconviction motion or that could have been raised in a prior postconviction motion).  In addition, Mr. Robledo-Valdez presents no argument that these rules are not independent and adequate.  Therefore, the due process claim Mr. Robledo-Valdez asserts in the Application is procedurally defaulted and cannot be considered unless he demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Robledo-Valdez must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Robledo-Valdez can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of

justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Robledo-Valdez raises no argument that might demonstrate good cause for his procedural default or any resulting prejudice. In particular, he fails to identify the existence of any external factor that prevented him from complying with the relevant procedural rules. Mr. Robledo-Valdez does contend that he was not aware of the sentence computation error that underlies his due process claim until July 2011 and he did not know he could appeal from the trial court's order denying the Motion to Set Hearing that was construed as a second Rule 35(c) motion. However, his lack of knowledge that he could appeal is not sufficient to demonstrate cause for his procedural default. *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (finding "lack of awareness and training on legal issues" insufficient to demonstrate cause to overcome procedural default).

Mr. Robledo-Valdez also fails to demonstrate or argue that a failure to consider his unexhausted due process claim will result in a fundamental miscarriage of justice. His argument that he spent an extra year in prison is not sufficient to demonstrate the existence of a fundamental miscarriage of justice because he fails to offer new evidence that demonstrates he is actually innocent of the crime to which he agreed to plead guilty. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"). Therefore, the due process claim is procedurally barred and the Application will be

dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application (ECF No. 4) is denied and the action is dismissed because the due process claim in the Application is procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   19th   day of    February   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court