IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02558-LTB

CRAIG ROBLEDO-VALDEZ,

    Applicant,

v.

UNITED STATES OF AMERICA,
J. DAVIS, and
SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

AMENDED ORDER DENYING PETITION FOR REHEARING

---

    Applicant, Craig Robledo-Valdez, has filed *pro se* a Petition for Rehearing (ECF No. 31) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 24) and the Judgment (ECF No. 25) entered in this action on February 19, 2014. The Court must construe the Petition for Rehearing liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider the Petition for Rehearing pursuant to Rule 59(e) because the Petition for Rehearing was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Robledo-Valdez challenges the validity of his convictions in two Park County, Colorado, cases in the instant habeas corpus action. The Court dismissed the action with prejudice because the due process claim Mr. Robledo-Valdez asserts in the Application is unexhausted and procedurally barred. Mr. Robledo-Valdez contends in the Petition for Rehearing that he is innocent of the crime to which he pleaded guilty, that he currently is challenging his conviction in the Colorado Supreme Court, and that his sentence is unlawful.

After review of the Petition for Rehearing and the entire file, the Court finds that Mr. Robledo-Valdez fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action. Mr. Robledo-Valdez fails to present any reasoned argument to demonstrate that his claims are exhausted, that his claims are

not procedurally defaulted, or that his procedural default should be excused. Therefore, the Petition for Rehearing will be denied. Accordingly, it is

ORDERED that the Petition for Rehearing (ECF No. 31) is DENIED.

DATED at Denver, Colorado, this   19th   day of     March     , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court